***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the briefs and arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission modifies in part and affirms in part the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 21 July 1998 and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties have submitted 54 pages of medical records received by the Commission 19 August 1998. These records are stipulated into evidence.
2. Four additional pages of stipulated medical records consisting of an 18 June 1999 letter from plaintiff's counsel to Dr. Aplington; a 30 June 1999 letter from Dr. Aplington; and an office note of 16 July 1999 are added to the previous medical records and are stipulated into evidence.
3. The parties stipulated in a pre-trial order dated 15 July 1998, that plaintiff's average weekly wage was $581.40.
 ***********
Based upon the entire evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 17 April 1997, plaintiff suffered an injury by accident when he fell off a ladder at the First Choice Services warehouse, fracturing his left femur in four places, and breaking his left wrist.
2. As a result of plaintiff's compensable injury, Dr. James P. Aplington performed surgery, which included pins being inserted into plaintiff's left femur.
3. As a result of said accident Dr. Aplington gave plaintiff a 20% permanent partial disability of his left leg.
4. Plaintiff has been unable to return to work at the same or equal wages at any employment since the date of the accident, and has been totally disabled since said date.
5. Plaintiff is approximately 63 years old.
6. Dr. Aplington recommends that plaintiff participate in an extensive rehabilitation program. Plaintiff has not reached maximum medical improvement.
7. Employer, First Choice Services, is a small family-owned business. Plaintiff is a part of the owning family. Employer voluntarily paid plaintiff one-third of his salary from the date of accident until 30 August 1997, in anticipation of State Farm paying two-thirds of plaintiff's loss of salary. State Farm denied liability and, under the facts of this case, the interests of the employer and the carrier are in conflict.
8. The insurance contract between defendant-carrier and defendant-employer in force on 17 April 1997 provided coverage for officers of defendant-employer, including plaintiff. Defendants have not met their burden in showing fraud, misconduct, or mutual mistake in the formation of the contract.
9. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
10. Defendants appealed the Deputy Commissioner's Opinion and Award awarding compensation to plaintiff.
11. This case was initially denied and defendants did not initiate vocational rehabilitation.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment on 17 April 1997. N.C. Gen. Stat. §97-2(6).
2. Plaintiff's average weekly wage of $581.40 yields a compensation rate of $387.60 per week. N.C. Gen. Stat. § 97-2(5).
3. As a result of the compensable injury, plaintiff is entitled to total disability compensation at the rate of $387.60 per week for the period from 17 April 1997 through the present and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25.
5. Plaintiff is entitled to receive vocational rehabilitation services to assist plaintiff in returning to productive employment once plaintiff has reached maximum medical improvement and is released by his treating physician to return to work. N.C. Gen. Stat. § 97-25.
6. Defendant State Farm is not entitled to any credit for salary continuation payments made to plaintiff by defendant First Choice Services. N.C. Gen. Stat. § 97-42.
7. Defendants appealed the Deputy Commissioner's Opinion and Award, and the Full Commission affirmed said opinion with compensation being paid to plaintiff. N.C. Gen. Stat. § 97-88.
8. In the discretion of the Full Commission, counsel for plaintiff is entitled to have defendants pay an attorney's fee in the amount of $500.00, which is in addition to the amount awarded as a percentage of plaintiff's compensation pursuant to N.C. Gen. Stat. § 97-88.
9. The issue of vocational rehabilitation is not properly before the Full Commission at this time.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies in part and affirms in part the Deputy Commissioner's holding and enters the following:
 AWARD
1. Subject to the reasonable attorney's fee herein approved, the defendant shall pay temporary total disability compensation to the plaintiff at the rate of $387.60 per week for the period from 17 April 1997 through the present and continuing until further order of the Commission. As much of said compensation as has accrued shall be paid in a lump sum.
2. Defendant shall pay for all medical expenses incurred as the result of plaintiff's 17 September 1998 injury by accident.
3. Defendant State Farm is not entitled to any credit for salary continuation payments made to plaintiff by defendant First Choice Services.
4. Defendants shall pay to counsel for plaintiff an attorney's fee in the amount of $500.00 for defending this matter on appeal to the Full Commission. This fee is to be paid in addition to the fees awarded as a percentage of plaintiff's compensation.
5. Defendant shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER